IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHERYL HENDERSHOT, <br>     Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | Civil No. 5:21-cv-02422-JMG |
| WALMART, INC., *et al.*, <br>     Defendants. | : <br> : <br> : | |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                                                                                             **July 11, 2022**

This is a premises liability action. Plaintiff Cheryl Hendershot alleges she tripped and fell on a rolled-up mat in the entryway of Defendant Walmart, Inc.'s store. Before the Court is Walmart's motion for summary judgment. There is no evidence that Walmart caused or had actual or constructive notice of the rolled-up mat, so the Court grants Walmart's motion.

**I.     FACTUAL BACKGROUND**

Hendershot claims she was injured on April 15, 2019, when she tripped and fell on a rolled-up mat on the floor of a Walmart store in Allentown. Defs.' Statement of Undisputed Material Facts ¶ 1, ECF No. 24-1 [hereinafter "DSOF"]; Pl.'s Statement of Disputed Facts ¶ 1, ECF No. 25-3 [hereinafter "PSOF"]. As a result of the fall, Hendershot allegedly suffered "serious and permanent personal injuries." DSOF ¶ 2; PSOF ¶ 2.

Hendershot testified that she went to the Walmart store with her son to purchase an electrical cord. DSOF ¶ 3; PSOF ¶ 3. She testified that, upon entering the store, her "foot tripped over the mat . . . that was rolled up." DSOF ¶ 7; PSOF ¶ 7. The mat was located within the store's vestibule, "about a foot" from the doorway. DSOF ¶ 8; PSOF ¶ 8. Hendershot did not know how long the mat had been placed in that location. DSOF ¶ 16; PSOF ¶ 16.

After the fall, Hendershot observed that the right side of the mat "was rolled inward." DSOF ¶ 9; PSOF ¶ 9; Hendershot Dep. 42:6–7, ECF No. 25-1 ("I didn't see it until I think after I took off flying."). At her deposition, Hendershot could only speculate as to how the mat came to be "rolled up." DSOF ¶ 17; PSOF ¶ 17; Hendershot Dep. 47:23–24 ("I can only guess, like you, how it happened. Somebody else may be had done it."). She did not know how long the mat had been in that condition. DSOF ¶ 18; PSOF ¶ 18. Hendershot's son, Logan Knight, was similarly unaware of what caused the mat to roll up or how long it had been in that condition. DSOF ¶¶ 21–22; PSOF ¶¶ 21–22; Knight Dep. 25:20–25, ECF No. 25-1.

The store's manager, Cesar Sabio, testified that Walmart "place[s] mats down at any entrance point where a customer may be walking in during inclement weather, or walking out." Sabio Dep. 22:17–20, ECF No. 25-1. Sabio testified that the store trained employees on "how to put the mats down." *Id.* at 25:7–8. Per store policy, employees would "periodically" inspect the vestibule and "make sure that the[] entranceway was free of debris." *Id.* at 31:24–32:1. Employees also ensured that the mats were "straight" and placed "within a foot" of the store's entrance. *Id.* at 26:3–12. Walmart does not formally document these periodic mat inspections. *Id.* at 27:8–28:11. Aside from this incident, Sabio was unaware of any other "lawsuits concerning this Walmart location with the [mats] in the front vestibule." *Id.* at 36:9–12.

On March 16, 2021, Hendershot sued Walmart in the Lehigh County Court of Common Pleas. Compl., ECF No. 1-4. Walmart removed the case and, after discovery, moved for summary judgment.

## II. STANDARD

### A. Summary Judgment

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Facts are material

if they "might affect the outcome of the suit under the governing law." *Physicians Healthsource, Inc. v. Cephalon, Inc.*, 954 F.3d 615, 618 (3d Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute as to those facts is genuine if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (quoting *Anderson*, 477 U.S. at 248). "We view all the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Id.* (internal quotation marks and citation omitted).

The party moving for summary judgment must first "identify[] those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). In response, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015) (quoting *Anderson*, 477 U.S. at 252).

### B. Premises Liability

Under Pennsylvania law, "[t]he standard of care a possessor of land owes to one who enters upon the land depends upon whether the person entering is a trespassor [sic], licensee, or invitee." *Carrender v. Fitterer*, 469 A.2d 120, 123 (Pa. 1983) (citation omitted). For purposes of this suit, Hendershot was an invitee. *See* Restatement (Second) of Torts § 332 (Am. L. Inst. 1965); *see also Kirschbaum v. WRGSB Assocs.*, 243 F.3d 145, 152 (3d Cir. 2001).

"Possessors of land owe a duty to protect invitees from foreseeable harm." *Carrender*, 469 A.2d at 123 (citation omitted). That said, "a possessor of land is not an insurer of the safety of those on his premises." *Moultrey v. Great A & P Tea Co.*, 422 A.2d 593, 595 (Pa. Super. Ct. 1980)

3

(citation omitted). "[T]he mere existence of a harmful condition in a public place of business, or the mere happening of an accident due to such a condition is neither, in and of itself, evidence of a breach of the proprietor's duty of care to his invitees, nor raises a presumption of negligence." *Id.* at 596 (citation omitted).

> Rather, a possessor of land only breaches its duty to invitees if the possessor:
>
> > (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee, and
> >
> > (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> >
> > (c) fails to exercise reasonable care to protect them against the danger.

*Carrender*, 469 A.2d at 123 (internal quotation marks and citation omitted); *see also Larkin v. Super Fresh Food Mkts.*, 291 F. App'x 483, 484 (3d Cir. 2008). In short, "[a]n invitee must prove either the proprietor of the land had a hand in creating the harmful condition, or he had actual or constructive notice of such condition." *Dupell v. Walmart Stores E., LP*, No. 19-610, 2019 WL 4058946, at *3 (E.D. Pa. Aug. 28, 2019) (internal quotation marks and citation omitted). "If the plaintiff does not produce a genuine issue of material fact about the defendant causing the condition or having notice, then the business did not breach its duty and summary judgment is appropriate." *Larkin*, 291 F. App'x at 485 (citation omitted).

### III.   DISCUSSION

Walmart contends that there is no evidence of either actual or constructive notice on its part. *See* Defs.' Mem. 9–10, ECF No. 24-2. In response, Hendershot argues that she is not required to prove notice. *See* Pl.'s Mem. 8, ECF No. 25-5. And even assuming that there is a notice requirement, Hendershot maintains that Walmart, at a minimum, "had constructive notice of the dangerous defect at issue." *Id.* at 11.

4

Hendershot is correct that "if the harmful transitory condition is traceable to the possessor or his agent's acts, (that is, a condition created by the possessor or those under his authority), then the plaintiff *need not prove any notice* in order to hold the possessor accountable for the resulting harm." *Moultrey*, 422 A.2d at 596 (emphasis added) (citation omitted). This exception, however, does not apply here. Indeed, there is "no evidence that the defendants actually caused the allegedly harmful condition that gave rise" to Hendershot's fall, namely, the bunching on the right side of the floormat. *Risoldi v. Greenwood Racing, Inc.*, No. 03-6837, 2004 WL 2166296, at *3 (E.D. Pa. Sept. 22, 2004) (entering summary judgment for defendant in trip-and-fall premises liability suit); *see also, e.g.*, *Barrese v. Scott's Express Peach, Inc.*, No. 1:19-cv-186-SPB, 2020 WL 5849666, at *10 (W.D. Pa. Sept. 30, 2020) (entering summary judgment for defendant in trip-and-fall case where there was "no evidence to suggest that any agent of [defendant's] created the alleged harmful transitory condition (i.e., the alleged buckling of the weather mat)"); *Dephillipo v. Twelfth St. Hotel Assocs., L.P.*, No. 15-cv-03771, 2016 WL 4901291, at *3 (E.D. Pa. Sept. 15, 2016) (entering summary judgment for defendant in trip-and-fall case where inference that defendant "caused the rug to become crumpled" could not "be reasonably drawn from the evidence").

The Court thus turns to the issues of actual and constructive notice. First, the record does not support a finding of actual notice. Hendershot invokes the principle that "where the condition is one which the owner knows has frequently recurred, the jury may properly find that the owner had actual notice of the condition, thereby obviating additional proof by the invitee that the owner had constructive notice of it." *Moultrey*, 422 A.2d at 596 (citations omitted). However, there is no evidence here that the hazardous condition—the rolling of the entryway mat—was one that Walmart knew frequently recurred. *Compare, e.g.*, *Miller v. Ashford TRS Philly, LLC*, No. 20-cv-5342, 2022 WL 541609, at *4 (E.D. Pa. Feb. 22, 2022) ("Plaintiff has not put forth any evidence to show that the condition which caused her fall was one which Defendant knew had frequently

5

recurred[] . . . ."), *with Mills v. United States*, No. 18-4034, 2019 WL 4546931, at *2 (E.D. Pa. Sept. 19, 2019) (denying defendant's summary judgment motion in trip-and-fall case involving a rug because record contained testimony that "[t]he rugs lying unevenly was hardly unprecedented and continues to the present day"). Just because Walmart created policies and best practices concerning the placement of entryway mats does not mean that those mats frequently curled up or that Walmart actually knew as much.

Even assuming, *arguendo*, that the rolling of the mats was a frequently recurring condition, "no jury could reasonably conclude that the Defendant[s] failed to exercise reasonable care to protect [their] business invitees from the hazardous condition that allegedly harmed Plaintiff in this case." *Barrese*, 2020 WL 5849666, at *11. Like the defendant in *Barrese*, it is undisputed that Walmart "had protocols in place to address the allegedly hazardous condition." *Id.* Management trained employees on "how to put the mats down." Sabio Dep. 25:7–8. Employees ensured that the mats were "straight." *Id.* at 26:3–12. Store policy also mandated "periodic[]" inspections of the vestibule to "make sure that the[] entranceway was free of debris." *Id.* at 31:24–32:1. Walmart has therefore "produced unrebutted evidence that it took substantial, reasonable measures to remediate any hazards that the mats . . . might pose to . . . invitees." *Barrese*, 2020 WL 5849666, at *11.

Similarly, there is insufficient evidence of constructive notice here. "Although what constitutes constructive notice depends on the circumstances of each case, 'one of the most important factors to be taken into consideration is the time elapsing between the origin of the defect or hazardous condition and the accident.'" *Regaolo v. Save-a-Lot*, No. 13-5786, 2014 WL 4063361, at *4 (E.D. Pa. Aug. 15, 2014) (quoting *Neve v. Insalaco's*, 771 A.2d 786, 791 (Pa. Super. Ct. 2001)). In other words, "[c]onstructive notice requires proof that the condition had been present long enough that, in the exercise of reasonable care, the defendant should have known of

its presence." *Reed v. Sam's Club*, No. 2:05-cv-00170-LDD, 2005 WL 2346112, at *1 (E.D. Pa. Sept. 23, 2005) (citing *Martino v. Great A & P Tea Co.*, 213 A.2d 608 (Pa. 1965)). "[C]ourts applying Pennsylvania law have consistently granted summary judgment to defendants where plaintiffs present insufficient evidence regarding the duration of time a . . . hazard remained on the floor prior to an accident." *Regaolo*, 2014 WL 4063361, at *5 (collecting cases).

Hendershot has not "adduced any evidence that would allow a factfinder to draw a reasonable inference with respect to the issue of constructive notice." *Dephillipo*, 2016 WL 4901291, at *4. No witness identified the amount of time the entryway mat had been in a rolled-up condition. *See, e.g.*, Hendershot Dep. 47:5–24; Knight Dep. 25:20–26:6; Sabio Dep. 19:6–10. Without such evidence, "a fact-finder could only speculate about whether [Walmart] should have discovered and corrected the problem." *Larkin*, 291 F. App'x at 485. "Therefore, as a matter of law, [Walmart] did not have constructive notice." *Id.* And because "there is no genuine issue of material fact about whether [Walmart] caused or had actual or constructive notice of the [rolled-up] mat, [Walmart] did not breach its duty." *Id.* Accordingly, Walmart is entitled to summary judgment.

## IV.    CONCLUSION

Summary judgment is warranted in Walmart's favor because no reasonable jury could find that Walmart caused or had actual or constructive notice of the hazard that caused Hendershot's injuries. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge